IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COOL BABY, INC., | ) |
| Plaintiff and Counterclaim-Defendant | ) |
| v. | ) Case No.: 5:06-CV-01015-M |
| MUNCHKIN, INC., | ) JURY TRIAL DEMANDED |
| Defendant, | ) |
| and | ) |
| LUV N' CARE, LTD., | ) |
| Defendant and Counterclaim-Plaintiff. | ) |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant and Counterclaim-Plaintiff Luv n' care, Ltd. ("Luv n' care") by and through their counsel, hereby answers the Complaint of Plaintiff Cool Baby, Inc. ("Cool Baby") as follows:

**ANSWER**

Except as expressly admitted below, Luv n' care denies each and every allegation contained in the Complaint.

1.  Luv n' care is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 1 and therefore denies the same.

2.  Luv n' care admits the allegations of paragraph 2.

3.  Luv n' care admits the allegations of paragraph 3.

1989257_1.DOC

4. Luv n' care admits that this Court has subject matter jurisdiction to hear patent actions pursuant to 28 U.S.C. §1331 and §1338, but denies any of the remaining allegations of paragraph 4.

5. Luv n' care admits that venue is proper in this district pursuant to 28 U.S.C. §1391, but denies any remaining allegations of paragraph 5.

6. Luv n' care admits that U.S. Patent No. 5,782,868 ("the '868 patent") entitled "Gel Filled Teething Device" was issued on July 21, 1998, was attached to the Complaint as Exhibit 1, lists Cratus Dewayne Moore, Jr. and Kristi Lynn Moore on its cover, and that a purported assignment was attached as Exhibit 2.  Luv n' care is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 6 and therefore denies the same.

7. Luv n' care admits the allegations of paragraph 7.

8. Luv n' care admits that it imports, exports, markets, and designs a wide variety of infant care products, including, pacifiers, teethers and/or soothers, and admits that it manufactures a wide variety of infant care products, but denies that it manufactures pacifiers, teethers, or soothers.

9. Luv n' care denies the allegations of paragraph 9.

10. Luv n' care denies the allegations against it in paragraph 10.  Luv n' care is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 against Munchkin, and therefore denies the same.

11. Luv n' care is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 11 and therefore denies the same.

12. Luv n' care denies the allegations against it in paragraph 12. Luv n' care is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 12 against Munchkin, and therefore denies the same.

13. Luv n' care denies the allegations against it in paragraph 13. Luv n' care is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 13 against Munchkin, and therefore denies the same.

## ANSWER TO PRAYER FOR RELIEF

14. With respect to Cool Baby's request for judgment and prayer for relief, Cool Baby is not entitled to any of the relief prayed for in the Complaint, or to any other judgment or relief, and Luv n' care opposes all relief sought.

## AFFIRMATIVE DEFENSES

15. Luv n' care sets forth the following defenses to Cool Baby's claims in its Complaint. Its assertion of defenses it is entitled to is not intended to alter the applicable burdens of proof on the parties, nor intended to limit its rights in any manner.

16. Luv n' care expressly reserves the right to supplement the defenses below based upon any information of which it may become aware during the course of this action, and to assert any further defenses, positions, claims and counterclaims that it becomes aware of during discovery or at trial, as applicable.

## FIRST AFFIRMATIVE DEFENSE

17. The asserted claims of the '868 patent are invalid and unenforceable for failure to comply with the conditions and requirements for patentability set forth in the patent statutes and regulations, 35 U.S.C. §§1-376 and 37 C.F.R. §1.1 *et seq*, including, but not limited to, the requirements of 35 U.S.C. §§102, 103 and 112.

## SECOND AFFIRMATIVE DEFENSE

18.     Luv n' care has not directly or indirectly infringed, actively induced, or contributed to the infringement of any valid claim of the '868 patent, and has not otherwise committed any acts that constitute infringement under 35 U.S.C. §271.

## THIRD AFFIRMATIVE DEFENSE

19.     Cool Baby has failed to state a claim upon which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

20.     Upon information and belief, Cool Baby has failed to comply with the marking requirements of 35 U.S.C. §287, and is therefore, precluded from requesting or recovering damages for any alleged actions that occurred prior to filing of the Complaint, because Cool Baby and/or any persons making or selling any patented article for it or under it, failed to mark the patented articles with the number of the '868 patent and failed to provide Luv n' care with actual notice of Cool Baby's claims of alleged infringement of the '868 patent.

## FIFTH AFFIRMATIVE DEFENSE

21.     Upon information and belief, Cool Baby's claims are barred under the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

22.     Upon information and belief, Cool Baby's claims are barred under the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

23.     Upon information and belief, Cool Baby is without standing to bring the present action.

1989257_1.DOC

**EIGHTH AFFIRMATIVE DEFENSE**

24.     Upon information and belief, Cool Baby knew or should have known that the '868 patent is invalid and not infringed by Luv n' care, but nonetheless has brought and is maintaining this action to improperly exclude Luv n' care from the market.  Upon information and belief, the initiation and maintenance of this action is vexatious and a misuse of the judicial process.

**NINTH AFFIRMATIVE DEFENSE**

25.     Upon information and belief, Cool Baby's claims are barred by the doctrine of unclean hands and inequitable conduct.

**TENTH AFFIRMATIVE DEFENSE**

26.     Cool Baby is not entitled to equitable relief due to adequate remedy at law.

**ELEVENTH AFFIRMATIVE DEFENSE**

27.     Cool Baby is not entitled to injunctive relief under the standards applicable thereto.

**COUNTERCLAIMS**

**BACKGROUND AND FACTS**

28.     The following claims are Luv n' care's counterclaims for a declaratory judgment of patent invalidity and non-infringement pursuant to 28 U.S.C. §§2201 and 2202.

29.     These counterclaims arise under the United States Patent Laws, 35 U.S.C. §1, *et seq*.  The Court has jurisdiction over the subject matter of these counterclaims under 28 U.S.C. §§1331 and 1338.

30.     Venue in proper in this judicial district for the present counterclaims under 28 U.S.C. §§1391 and 1400.

31. Counterclaim-Plaintiff Luv n' care, Ltd. ("Luv n' care") is a corporation which is organized and existing under the laws of Louisiana, with a principal place of business at 3030 Aurora Avenue, Monroe, Louisiana 71201.

32. Counterclaim-Defendant Cool Baby Products, Inc. ("Cool Baby") has alleged in its Complaint that it is a corporation organized and existing under the laws of Oklahoma with its headquarters at 13308 Foxcreek Dr., Oklahoma City, Oklahoma 73131.

33. Cool Baby has alleged that it is the owner of U.S. Patent No. 5,782,868 ("the '868 patent"), and has brought suit against Luv n' care, claiming that Luv n' care has made and sold products that allegedly infringe the '868 patent.

34. By virtue of the Complaint filed in this matter, an actual controversy exists with Cool Baby with respect to the '868 patent based on Cool Baby's allegations, as the '868 patent is invalid and is not infringed by Luv n' care.

## FIRST COUNTERCLAIM: PATENT INVALIDITY PURSUANT TO 35 U.S.C. §112

35. The asserted claims of the '868 patent are invalid for failure to comply with the conditions and requirements for patentability set forth in the patent statutes and regulations, 35 U.S.C. §§1-376 and 37 C.F.R. §1.1, *et seq*.

36. Pursuant to 35 U.S.C. §112, the claims of a patent must particularly point out and distinctly claim the subject matter which the applicant regards as its invention.

37. Rather than doing so, the claims of the '868 patent use terms that are vague and ambiguous, and whose meaning is undefined.

38. As a result, the scope of the claims is unclear and indefinite.

39. Furthermore, in view of the indefinite nature of the claims, the public has not been provided with adequate notice of the scope of the '868 patent.

40. In view thereof, the '868 patent is legally invalid due to its indefiniteness, for failure to comply with the requirements of 35 U.S.C. §112.

## SECOND COUNTERCLAIM:
## PATENT INVALIDITY
## PURSUANT TO 35 U.S.C. §102 AND §103

41. The asserted claims of the '868 patent are invalid pursuant to 35 U.S.C. §102 and §103.

42. Teethers with gel materials therein were well known in the art more than one year prior to the filing date of the '868 patent. Other gel-filled objects for cooling and application to the body were likewise well known.

43. To the extent the claims attempt to cover teethers with some a material that can be heated or cooled over a temperature range from about -20° to 215° F without altering its "pliability", such materials were well known in the art before the filing date of the '868 patent.

44. To use such materials in a teether fails to meet the legal standards for patentability.

45. To the extent they can be construed, the claims of the '868 patent are not novel and are obvious over the prior art.

46. As a result, the '868 patent is invalid pursuant to 35 U.S.C. §102 and §103.

## THIRD COUNTERCLAIM:
## NONINFRINGEMENT

47. For infringement to be present, each and every limitation set forth in the claims of the asserted patent must be present in the accused product or method.

48. However, numerous limitations set forth in the claims of the '868 patent are not found in Luv n' care's accused products or methods.

49. For example, the claims of the '868 patent require teethers with a gel that can be heated or cooled over a temperature range from about -20° to 215° F without altering its "pliability".

50. Luv n' care's products do not meet such limitation.

51. Upon cooling within the temperature range set forth, the material in Luv n' care's products goes from a relatively soft to relatively hard state. (Likewise, it goes from a relatively hard state to a relatively soft state upon heating within that range). This evidences a significant alteration of its "pliability" and is contrary to the requirements of the '868 patent.

52. Accordingly, the claims of the '868 patent are not and cannot be infringed by any products sold by Luv n' care, or by any activities of Luv n' care, either literally or under the doctrine of equivalents, based on established law and the doctrine of prosecution history estoppel. Luv n' care has not engaged in any infringement, nor directly infringed, actively induced, or contributed to infringement of any valid claim of the '868 patent under 35 U.S.C. §271.

53. In addition, numerous limitations of the '868 patent are too indefinite to afford those skilled in the art reasonable notice of their meaning and scope. Due to their indefiniteness, infringement of those limitations cannot reasonably be asserted or maintained.

54. In view thereof, Luv n' care reserves the right to supplement its counterclaims and contentions upon further proceedings relating to its first counterclaim herein.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38, Federal Rules of Civil Procedure, Luv n' care hereby demands a jury trial in this action as to all issues of fact triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, having responded to Plaintiff Cool Baby's Complaint, Defendant Luv n' care, Ltd. hereby prays for judgment as follows:

A. That Luv n' care has not directly infringed, actively induced, or contributed to infringement of any valid claim of the '868 patent, nor committed any other infringement, and that it be granted a declaratory judgment of the same;

B. That the '868 patent be declared invalid, void, and unenforceable, and that Luv n' care be granted a declaratory judgment of the same;

C. That Cool Baby's Complaint be dismissed in its entirety with prejudice, and that its requests for relief be denied;

D. That Cool Baby and its counsel, officers, agents, directors, and employees, and all persons in active concert or participation with any of them, be enjoined from directly or indirectly asserting or threatening to assert the '868 patent against Luv n' care, or any of its agents, officers, directors, employees, suppliers, or customers;

E. That this case be deemed exceptional pursuant to 35 U.S.C. §285, that Luv n' care be awarded its reasonable attorneys' fees, costs, damages, and expenses, and that such award to Luv n' care be trebled; and,

F. That the Court grant Luv n' care such other and further relief as it may deem just and proper.

Dated: December __8th__, 2006                Respectfully submitted,

                                             s/*James McMillin*
James McMillin (OBA # 17206)
McAfee & Taft
Two Leadership Square, 10th Floor
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone: 405-235-9621
Facsimile: 405-235-0439

Of Counsel:

Morris E. Cohen
Law Office of Morris E. Cohen, P.C.
1122 Coney Island Avenue, Suites 216-217
Brooklyn, New York 11230
Telephone: 718-859-8009
Facsimile: 718-859-3044
Email: mcohen@ipcases.com

Joseph D. Guerriero
Luv n' care, Ltd.
3030 Aurora Avenue
Monroe, Louisiana 71201
Telephone: 318-338-3603
Facsimile: 318-388-5892
Email: joed@luvncare.com

Attorneys for Defendant and Counterclaim Plaintiff
Luv n' care, Ltd.