IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COOL BABY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-06-1015-M |
| | ) |
| MUNCHKIN, INC., and | ) |
| LUV N' CARE, LTD., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's Motion to Modify the Subpoena of Dr. Dan Dill, filed March 31, 2009. On April 3, 2009, defendant Luv n' care, Ltd. ("LNC") filed its response. Based upon the parties' submissions, the Court makes its determination.

LNC has served a subpoena on Dr. Dan Dill, plaintiff's expert in this case. The subpoena demands that Dr. Dill permit Dr. Allen, LNC's expert, to conduct certain experiments using Dr. Dill's equipment. Specifically, the subpoena provides for the following inspection and testing:

> Inspection of the freezer used by Dr. Dill in the testing referenced in his expert report dated 2/6/09, namely the Kenmore refrigerator/freezer combo (model or stock number 253.64802400) that is currently located at the office/residence of Dr. Dill. In particular, Luv 'n care's expert, Dr. Loyd Allen, will test the temperature of the freezer with the aid of two thermometers and a canister of 600 ml of 45% (by volume) ethylene glycol-water solution. In addition, inspection of the thermometer used by Dr. Dill in his low temperature testing is requested, along with placing Dr. Dill's thermometer in the freezer with Dr. Allen's thermometers.

Plaintiff has no objection to permitting the inspection of the equipment, and in fact said inspection has been conducted, but does object to the requested experiments. Plaintiff contends that LNC has the ability to recreate Dr. Dill's experiments if it so chooses, albeit at its own expense, and that LNC is attempting to short cut that process and to confiscate the property of Dr. Dill for its own

purposes. Plaintiff further contends that the requested experiments create an undue burden on Dr. Dill, in that the Kenmore freezer at issue is currently being used by Dr. Dill to store food and that he must be given sufficient time to make arrangements to store this food elsewhere; otherwise, the food will spoil. Plaintiff, thus, moves the Court to modify the subpoena by permitting only an inspection of the Kenmore freezer and thermometer that Dr. Dill used in his experiments and by prohibiting the requested experiments.

LNC states that Dr. Dill has stated that he conducted his "low temperature" tests on defendants' teething devices by using a small Kenmore refrigerator and has claimed that he was able to maintain a temperature of -20° Fahrenheit in this freezer for these tests. LNC asserts that measurement of the freezer temperature is important because there is serious doubt that plaintiff's low temperature testing was performed at the correct temperature. LNC further states that while it considered recreating Dr. Dill's experiments by purchasing its own equipment, LNC believes that plaintiff would argue that there was a difference in the refrigerators even though they were the same model. LNC, therefore, contends that the best way to test Dr. Dill's results is to determine the lowest temperature that can be achieved by Dr. Dill's freezer.

Having carefully reviewed the parties' submissions, the Court finds that LNC's expert should be allowed to conduct the requested experiments in Dr. Dill's freezer. However, to reduce any burden on Dr. Dill, the Court finds that LNC must give Dr. Dill at least seven (7) days notice prior to conducting these experiments.

Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion to Modify the Subpoena of Dr. Dan Dill [docket no. 161] as follows:

    (1)    The Court GRANTS the motion to modify and requires LNC to provide at least seven (7) days notice prior to its expert conducting the experiments at issue; and

    (2)    The Court DENIES the motion to modify in all other respects.[1]

**IT IS SO ORDERED this 10th day of April, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that the discovery deadline has passed during the time the motion to modify was pending. The Court, therefore, will grant LNC leave to conduct these experiments beyond the discovery deadline.