**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| COOL BAZY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-06-1015-M |
| ) | |
| MUNCHKIN, INC. and ) | |
| LUV N' CARE, LTD., ) | |
| ) | |
| Defendants. ) | |

COOL BABY, INC.,

        Plaintiff,

vs.        Case No. CIV-06-1015-M

MUNCHKIN, INC. and
LUV N' CARE, LTD.,

        Defendants.

**ORDER**

This case is scheduled for trial on the Court's May 2009 trial docket.

Before the Court are defendant Munchkin, Inc.'s Motion for Summary Judgment of Noninfringement and Invalidity with Respect to Claims 1-7 of U.S. Patent No. 5,782,868 and defendant Luv n' care, Ltd.'s Motion for Summary Judgment. The motions have been fully briefed. Based upon the parties' submissions, the Court makes its determination.

I.    Introduction

This is a patent infringement case involving a patent on baby teethers. Claims 1, 6, and 7 of the patent are independent claims. Claim 1 is representative and reads as follows:

> 1.    A teething device, comprising:
>
> a resilient, fluid impervious body member sized to be received in a mouth of an infant, the body member having an interior cavity; and
>
> a body of self-sustaining, non-flowable, pliable gel disposed in the interior cavity of the body member such that the body of gel substantially fills the interior cavity, the body of gel characterized by the properties of maintaining the self-sustension and pliability over a temperature range of from about -20° to 215° F. whereby the body member and the body of gel can be heated or cooled over a temperature range of from

> about -20° to 215° F. without substantially altering
> the resilience of the body member and the pliability of
> the body of gel.

Defendants now move for summary judgment and contend that their products do not infringe the patent.[1]

## II. Discussion

"As in other cases, the grant of summary judgment under Fed.R.Civ.P. 56, is appropriate in a patent case where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Johnston v. IVAC Corp.*, 885 F.2d 1574, 1576-77 (Fed. Cir. 1989). A court may grant summary judgment in favor of a defendant on an ultimate issue of fact where that defendant carries its burden of "pointing out to the district court that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Further,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Id.* at 322-23. "Thus, the motion of an accused infringer for judgment on the ground of non-infringement of a patent may be granted where the patentee's proof is deficient in meeting an essential part of the legal standard for infringement." *Johnston*, 885 F.2d at 1577.

"To establish infringement of a patent, every limitation set forth in a claim must be found

---

[1] Defendants also move for summary judgment on the basis of patent invalidity. Because this Court finds that summary judgment should be granted on the basis of noninfringement, the Court declines to address the issue of patent invalidity.

in an accused product or process exactly or by a substantial equivalent." *Id.*[2] Further, the issue of patent infringement is one of fact to be proven by a preponderance of the evidence. *Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 819 (Fed. Cir. 1992). Finally, "[o]ne who does not infringe an independent claim cannot infringe a claim dependent on (and thus containing all the limitations of) that claim." *Wahpeton Canvas Co., Inc. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9 (Fed. Cir. 1989).

One of the limitations set forth in Claims 1, 6, and 7 of the patent is that "the body member and the body of gel can be heated or cooled over a temperature range of from about -20° to 215° F. without substantially altering the resilience of the body member and the pliability of the body of gel" ("Substantial Alteration Limitation"). Patent No. 5,782,868 (emphasis added). Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that while plaintiff has submitted evidence regarding the resilience of the body member and the pliability of the body of gel in relation to defendants' teethers, plaintiff has submitted no evidence that the Substantial Alteration Limitation is found in defendants' teethers. In fact, nowhere in his expert report does Dr. Dan Dill, plaintiff's expert, even discuss whether the resilience of the body member and the pliability of the body of gel are substantially altered over the applicable temperature range. Further, the Court finds Dr. Dill's conclusory statement in his report that certain of defendants' teethers infringe the patent is wholly insufficient to raise a genuine evidentiary dispute for a jury. *See Johnston*, 885 F.2d at 1578. Additionally, while plaintiff asserts that defendants' tests regarding

---

[2] Plaintiff has neither pled nor argued the doctrine of equivalents. The Court, therefore, finds that plaintiff has waived any such argument.

the Substantial Alteration Limitation are flawed, plaintiff sets forth no evidence of its own that there is no substantial alteration. Finally, the Court would note that both defendants have set forth substantial evidence that their teethers actually melt when placed in boiling water – clearly showing a substantial alteration in the resilience of the body member at the high end of the applicable temperature range.

Therefore, because plaintiff has failed to present any evidence that the Substantial Alteration Limitation is found in defendants' teethers, the Court finds that defendants' motions for summary judgment as to noninfringement should be granted.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS defendant Munchkin, Inc.'s Motion for Summary Judgment of Noninfringement and Invalidity with Respect to Claims 1-7 of U.S. Patent No. 5,782,868 [docket no. 121] and defendant Luv n' care, Ltd.'s Motion for Summary Judgment [docket no. 123].

**IT IS SO ORDERED this 29th day of April, 2009.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE