IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| COOL BABY, INC., | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-06-1015-M |
| | ) | |
| MUNCHKIN, INC. and | ) | |
| LUV N' CARE, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

I.  Background

This is a patent infringement case involving a patent on baby teethers. Defendants Munchkin, Inc. and Luv n' care, Ltd. ("Luv n' care") filed motions for summary judgment on the issues of patent infringement and patent invalidity. On April 29, 2009, the Court granted defendants' motions on the issue of patent infringement and entered judgment in accordance therewith. The Court declined to address the issue of patent invalidity at that time.

Plaintiff filed a Notice of Appeal with respect to the noninfringement judgment on May 27, 2009. The Federal Circuit has since found that plaintiff's appeal was premature, holding that it lacked jurisdiction until entry of judgment on the invalidity counterclaims. On March 29, 2010, Luv n' care filed a Motion to Reopen Proceedings, requesting the Court to reopen this action, in part to rule on Luv n' care's motion for summary judgment as it relates to patent invalidity. On May 14, 2010, the Court granted Luv n' care's motion to reopen and reopened this case to allow the Court to rule on Luv n' care's motion for summary judgment as it relates to patent invalidity.

Through the instant Order, the Court hereby rules on defendants' motions for summary judgment on the issue of patent invalidity.

II.  Discussion

Section 103 of Title 35 of the United States Code forbids issuance of a patent when "the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains." 35 U.S.C. § 103. "A patent is presumed valid and the burden of establishing invalidity rests on the party asserting such invalidity." *Uniroyal, Inc. v. Rudkin-Wiley Corp.*, 837 F.2d 1044, 1050 (Fed. Cir. 1988). The presumption of validity may only be rebutted by clear and convincing evidence. *Id.*

"The ultimate determination of whether an invention would have been obvious is a legal conclusion based on underlying findings of fact." *In re DBC*, 545 F.3d 1373, 1377 (Fed. Cir. 2008). The underlying factual inquiries in an obviousness analysis include: (1) the scope and content of the prior art; (2) the level of ordinary skill in the prior art; (3) the differences between the claimed invention and the prior art; and (4) secondary considerations, if any, of nonobviousness. *Daiichi Sankyo Co., Ltd. v. Apotex, Inc.*, 501 F.3d 1254, 1256 (Fed. Cir. 2007). "Secondary considerations include objective indicia of nonobviousness such as commercial success, long-felt but unsolved need, and failure of others." *Uniroyal*, 837 F.2d at 1050. A court can properly grant, as a matter of law, a motion for summary judgment on patent invalidity when the above factual inquiries into obviousness present no genuine issue of material facts. *Ryko Manuf. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 716 (Fed. Cir. 1991).

Having carefully reviewed the parties' submissions regarding the issue of patent invalidity, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there is a genuine issue of material fact as to the

level of ordinary skill in the art. When determining the level of ordinary skill in the art, the following factors may be considered: (1) the educational level of the inventor; (2) the type of problems encountered in the art; (3) prior art solutions to those problems; (4) the rapidity with which innovations are made; (5) the sophistication of the technology; and (6) the educational level of active workers in the field. *Daiichi Sankyo*, 501 F.3d at 1256. "These factors are not exhaustive but are merely a guide to determining the level of ordinary skill in the art." *Id.*

In their motions for summary judgment, defendants solely rely upon their experts' opinions as to the level of ordinary skill in the art. Defendants' experts, however, do not address any of the above factors and merely conclude that the hypothetical person having ordinary skill in the art to which the patent at issue pertains would have an engineering degree in a field such as mechanical, chemical, or materials science engineering and a minimum of three years of experience in the design and/or manufacture of consumer products or would have a minimum of ten years of active industrial experience in the design and/or manufacture of consumer products, without necessarily having a formal training in engineering. In its responses, plaintiff, addressing the first factor set forth above, submits evidence regarding the educational level of the inventors, Dewayne and Kristi Moore. Neither inventor has an engineering degree or ten years of experience in the design and/or manufacture of consumer products. Additionally, based upon its expert's report, plaintiff asserts that the sophistication of the technology, the fifth factor, is relatively low and would support a factual finding that one skilled in the art is simply a person that has familiarity with caring for teething infants.

Because there is a dearth of evidence regarding the factors which the Court may consider in determining the level of ordinary skill in the art, and because much of the evidence that has been

presented is disputed, the Court finds that it is unable to make the underlying factual determination of the level of ordinary skill in the prior art which is necessary for this Court to conduct its obviousness analysis. Accordingly, the Court finds that defendants Munchkin, Inc. and Luv n' care are not entitled to summary judgment as to the issue of patent invalidity.

III.   Conclusion

Therefore, for the reasons set forth above, the Court DENIES defendants Munchkin, Inc. and Luv n' care's motions for summary judgment [docket nos. 121 and 123] as to the issue of patent invalidity.

**IT IS SO ORDERED this 14th day of October, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE